ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2011 DEC 21 PM 2: 22

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| RODRIQUEZ DAVID HAMILTON, | ) | |
| Petitioner, | ) | |
| v. | ) | CV 111-084 |
| DONALD BARROW, Warden, and SAMUEL S. OLENS, Attorney General of the State of Georgia, | ) | |
| Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner brought the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition is currently before the Court on Respondent Barrow's motion to dismiss the petition as untimely. (Doc. no. 7.) Petitioner opposes the motion. (Doc. no. 11.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Respondent Olens be **DISMISSED** from this case, that the motion to dismiss be **GRANTED**, that this petition be **DISMISSED**, and that a final judgment be **ENTERED** in favor of Respondent Barrow.

I.  **BACKGROUND**

On June 3, 1998, a Richmond County jury found Petitioner guilty of two counts of armed robbery, one count of burglary, two counts of false imprisonment (as lesser included

offenses of kidnapping charges), one count of hijacking a motor vehicle, and one count of possessing a firearm during the commission of a crime. (Doc. no. 8-6, p. 147.) Petitioner was sentenced to 20 years of incarceration on the armed robbery, burglary, and hijacking counts; 10 years on the false imprisonment counts; and five years on the firearm count. (Id.) These sentences were all ordered to run concurrently with the exception of the five-year sentence for the firearm count and five years of the sentence for the second armed robbery count. (Id.) Petitioner changed counsel after the trial, and his new counsel filed a motion for a new trial, which was denied on December 15, 1998. (Doc. no. 8-7, p. 4.)

Petitioner filed a direct appeal, and the Georgia Court of Appeals affirmed his convictions on May 27, 1999. Hamilton v. State, 517 S.E.2d 118 (Ga. Ct. App. 1999). Petitioner did not apply for a writ of certiorari from the Georgia Supreme Court. On July 10, 2001, Petitioner filed a state habeas corpus petition in the Superior Court of Macon County in which he raised five claims, including insufficiency of the evidence to support his convictions, prosecutorial misconduct, and ineffective assistance of trial counsel. (Doc no. 8-1.) Following an evidentiary hearing, the state habeas court denied these claims on August 14, 2008. (Doc. no. 8-2.) The Georgia Supreme Court denied Petitioner's application for a certificate of probable cause to appeal ("CPC") on June 28, 2010. (Doc. no. 8-3.)

Petitioner executed the instant § 2254 petition on June 7, 2011. (Doc. no. 1.) Petitioner claims that his trial counsel rendered ineffective assistance, that the evidence is insufficient to sustain his convictions, that the trial court erred in its jury instructions and in limiting the cross-examination of a witness for the prosecution, and that the prosecutor engaged in misconduct. (See doc. no. 1, pp. 7-13.)

2

Respondent Barrow now argues that the petition should be dismissed as time-barred under 28 U.S.C. § 2244(d). (See doc. no. 7.) Petitioner disagrees, arguing that the circumstances of his case warrant tolling the statue of limitations. (See doc. no. 11.) The Court resolves the dispute as follows.

## II. DISCUSSION

### A. Attorney General Olens Is Not a Proper Respondent

Before addressing the timeliness issue, the Court notes that Petitioner has named two Respondents in this case, Respondent Barrow, the Warden of the prison where Petitioner is incarcerated, and Georgia Attorney General Samuel S. Olens. However, Attorney General Olens is an improper Respondent and should be dismissed from this action.

Pursuant to 28 U.S.C. § 2242, an application for a writ of habeas corpus shall allege the name of the person having custody over a petitioner. Furthermore, Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts states that for habeas petitioners who are currently in the custody of the state, "the petition must name as respondent the state officer who has custody." The Advisory Committee Notes to Rule 2 explain that the state officer having custody of the petitioner, often a prison warden, is the appropriate respondent when a petitioner is seeking relief from a sentence for which he is currently incarcerated. The Notes further explain that the state attorney general is an appropriate party respondent when the petitioner is attacking a sentence which will be carried out in the future or for which the petitioner is not incarcerated, on probation, or on parole. As another federal court has explained, "[T]he only proper respondent in a collateral attack is the petitioner's custodian. . . . If the petitioner is in prison, the warden is the right

3

respondent.... A state's attorney general is a proper party only if the petitioner is not then confined, but expects to be taken into custody." Hogan v. Hanks, 97 F.3d 189, 190 (7th Cir. 1996).

As Petitioner is challenging the sentence for which he is currently incarcerated, Warden Barrow is the only proper Respondent. Attorney General Olens should therefore be dismissed from this case.

**B.     The Instant Petition Should Be Dismissed as Time-Barred**

Effective April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, amended the statute governing habeas corpus petitions for state prisoners seeking relief in the federal courts. In pertinent part, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent

4

judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

### 1. Finality of Petitioner's Conviction

As Petitioner has outlined no reason to suppose that §§ 2244(d)(1)(B), (C), or (D) apply to the instant case, the instant case is governed by § 2244(d)(1)(A). Under 28 U.S.C. § 2244(d)(1)(A), a judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." Petitioner filed a direct appeal, and the Georgia Court of Appeals affirmed Petitioner's convictions on May 27, 1999. Petitioner did not file a motion for reconsideration or appeal his case to the Georgia Supreme Court. Thus, his conviction became "final" when the 10-day time period for indicating intent to seek review in the Georgia Supreme Court expired. See Pugh v. Smith, 465 F.3d 1295, 1299 (11th Cir. 2006); see also Ga. Sup. Ct. R. 38(1) (providing that party seeking review in Georgia Supreme Court must file notice of intention to apply for certiorari within 10 days after entry of judgment by lower court). In the instant case, the AEDPA statute of limitations therefore began to run 10 days following the Georgia Court of Appeals affirmance of Petitioner's convictions on May 27, 1999. Thus, for the purpose of determining the timeliness of the above-captioned petition, Petitioner's conviction became final in June of 1999.

### 2. Application of the Statute of Limitations

As noted above, under the AEDPA, Petitioner had one year from June of 1999 to file his federal habeas corpus petition. However, the Court recognizes that according to the provisions of 28 U.S.C. § 2244(d)(2), the one-year statute of limitations does not run while

5

a properly filed application for state post-conviction or other collateral review is pending in state court. Jones v. Nagle, 349 F.3d 1305, 1307 (11th Cir. 2003). Here, Petitioner waited over two years after his convictions became final before filing his state habeas petition. Therefore, by the time Petitioner filed his state habeas petition, the one-year statue of limitations for filing a federal petition had expired, meaning that no time period remained to be tolled. See Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) ("Once a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas filing deadline does not revive it.") (citing Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003)).

The AEDPA describes three other situations which may delay or reset its one-year statute of limitations: (1) where there is a newly discovered factual predicate for a petitioner's claim which could not have been discovered earlier through the exercise of due diligence; (2) where the State has created some "impediment" to filing the application; or (3) where the petitioner asserts a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. §§ 2244(d)(1)(B) – (D) (quoted *supra*). As explained above, Petitioner has not provided any explanation that would delay or reset his one-year statute of limitations. Thus, the Court concludes that there is no basis for statutory tolling of the AEDPA's one-year statute of limitations.

### 3. Equitable Tolling and Actual Innocence

Petitioner argues that he should receive the benefit of equitable tolling because his appellate counsel failed to maintain contact with Petitioner after filing his appeal and never informed Petitioner when the appeal was denied. (Doc. no. 11, p. 2.) Petitioner also states

6

that he did not receive notice of the denial of his appeal from the Georgia Court of Appeals until he made an inquiry approximately 10 months after the denial order issued. (Id. at 2-3.) Additionally, Petitioner states that he "wrote to the center for prisoner's legal assistance in early 2000 and was informed by them in April 2000 that they [would] help [him] in habeas corpus action and even file and represent him in court." (Id. at 3.) However, according to Petitioner, he did not hear from that organization again until October of 2000, when he received a letter informing him that the organization would not represent him. (Id.)

Equitable tolling can be applied to prevent the application of the AEDPA's statutory deadline, but only if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. ___, 130 S. Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving his entitlement to equitable tolling, San Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir. 2011), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006) (citing Pace, 544 U.S. at 418-19).

While serious misconduct by a habeas petitioner's attorney combined with the requisite diligence may justify equitable tolling, simple attorney negligence, such as missing a deadline due to miscalculation, does not. Compare Holland, 130 S. Ct. at 2564 (reversing

7

decision denying equitable tolling where petitioner's attorney neglected to inform him of direct appeal decision "despite [peitioner's] many pleas for that information" and "failed to file [petitioner's] federal petition on time despite [petitioner's] many letters that repeatedly emphasized the importance of his doing so"), with Lawrence v. Florida, 549 U.S. 327, 336 (2007) ("Attorney miscalculation [as to the applicable limitations period] is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel"). Furthermore, when a petitioner asserts that he was prevented from filing in a timely manner because he was ignorant of the event that triggered the limitations period, the "petitioner's efforts to learn the disposition of pre-federal habeas steps are crucial to determining whether equitable tolling is appropriate." San Martin, 633 F.3d at 1269; see also Drew v. Dep't of Corr., 297 F.3d 1278, 1288-89 (11th Cir. 2002) (holding that petitioner was not entitled to equitable tolling where he claimed ignorance of state court ruling and claimed to have contacted state court by mail but provided no copies of letters and did not otherwise attempt to contact the court), *abrogated on other grounds by* Pace, 544 U.S. at 414-15; Knight v. Schofield, 292 F.3d 709, 711 (11th Cir. 2002) (holding that petitioner was entitled to equitable tolling because the state court clerk "had assured him that he would be notified as soon as a decision was made" but "inadvertently sent notice of the decision to the wrong person").

Here, Petitioner has failed to carry his burden of showing that he is entitled to equitable tolling. Unlike the petitioner in Knight, Petitioner has not alleged that any court official guaranteed that he would be notified when his appeal had been decided. See Knight, 292 F.3d at 711. Also, as was the case in Drew, Petitioner has failed to produce copies of

any of the correspondence he alleges took place between him and his attorney on direct appeal or the organization that purportedly agreed to represent him and later reneged. See Drew, 297 F.3d at 1289. Moreover, assuming for the sake of argument that such correspondence took place and that the collective misconduct alleged suffices to show "exceptional circumstances," Petitioner has failed to show the diligent pursuit of his rights required for equitable tolling. For example, he does not explain why, after the prisoner legal assistance organization purportedly agreed to represent him, he allowed seven months to pass without any contact, knowing as he did by that time that his direct appeal had been decided such that his federal limitations period had begun to run. Cf. Holland, 130 S. Ct. at 2564 (emphasizing petitioner's repeated efforts to contact his attorney and the courts).

More importantly, Petitioner offers no explanation for allowing over eight additional months to elapse before filing his state habeas petition after the prisoner legal assistance organization informed him that it would not represent him. Indeed, none of the exceptional circumstances offered by Petitioner accounts for that period of over eight months; nor do they account for the period of approximately eleven and a half months that elapsed between the Georgia Supreme Court's denial of his CPC application and the instant § 2254 petition. These two periods equate to over 19 months for which Petitioner's alleged exceptional circumstances do not offer any explanation; this time alone exceeds the applicable one-year limitations period. 28 U.S.C. § 2244(d)(1)(A). Thus, the Court concludes that Petitioner has failed to show that equitable tolling is justified in this instance.

Finally, the Court notes that consideration of an otherwise untimely petition for federal habeas relief may be appropriate upon a showing that a "fundamental miscarriage of

9

justice" has occurred, whereby "a constitutional violation has resulted in the conviction of someone who is actually innocent." Murray v. Carrier, 477 U.S. 478, 495-96 (1985); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). The actual innocence exception "is exceedingly narrow in scope," and a petitioner seeking to invoke it must "show that it is more likely than not that no reasonable juror would have convicted him." Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)). "In addition, 'to be credible, a claim of actual innocence must be based on reliable evidence not presented at trial.'" Id. (quoting Calderon v. Thompson, 523 U.S. 538, 559 (1998)).

Here, Petitioner has not presented any new evidence to suggest that he did not commit the offenses of which he was found guilty such that no reasonable juror would have convicted him. Accordingly, the actual innocence exception does not save the instant petition from being time-barred under the AEDPA.

In sum, because (1) the above-captioned petition was filed more than one year after Petitioner's conviction became final, (2) Petitioner has not pointed to any other valid statutory ground for extending the deadline for filing his federal petition, and (3) Petitioner has not satisfied the requirements for equitable tolling or presented any arguments sufficient to support a claim of actual innocence, Petitioner's § 2254 petition is time-barred by the AEDPA's one-year statute of limitations.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Respondent Olens be **DISMISSED** from this case, that Respondent Barrow's motion to

dismiss be **GRANTED** (doc. no. 7), that this petition be **DISMISSED,** and that a final judgment be **ENTERED** in favor of Respondent Barrow.

SO REPORTED and RECOMMENDED this 21st day of December, 2011, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE